ESTHER L. MEADOWS, APPELLANT, V. SKINNER
MANUFACTURING CO., A CORPORATION, APPELLEE.

136 N. W. 2d 184

Filed July 2, 1965. No. 35904.

Eugene D. O'Sullivan and Eugene D. O'Sullivan, Jr., for appellant.

Joseph P. Cashen and Kennedy, Holland, DeLacy & Svoboda, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and WESTERMARK, District Judge.

SMITH, J.

The Nebraska Workmen's Compensation Court by a two-to-one vote on rehearing dismissed the present claim that an injury in the lumbar region was caused by a stumble during work. The district court affirmed.

No eyewitness directly contradicts testimony that plaintiff was hurt in her employment on Wednesday, February 14, 1962. More than that, her description of events is partially corroborated by testimony of a co-worker, Neva Bellows.

We first discuss this side of the case. While carrying a commodity container from a table to a skid, plaintiff stumbled over a protruding leg of the skid and slowly fell with the package in her arms. The force was broken when her knee struck the lumber bed of the skid.

She cried out because sharp pains were shooting through her lower back and left leg.

The size of the package was 4 cubic feet, its weight, 22 pounds. The height of plaintiff was 5 feet 2 inches, her weight, 105 pounds, and her age, 37 years.

Neva, whose attention had been attracted by the exclamation, turned in time to see plaintiff in a kneeling position. Plaintiff immediately complained of the injury and remarked that she ought to tell her supervisor, Ida Calabro.

Far apart are the times fixed by witnesses in dating the first report to defendant. They agree that notice was not given the day of the accident. In a conversation with Ida the next morning both plaintiff and Neva expostulated against the heavy work. Some parts of their testimony disclose notice at this time. Other parts indicate March 12, 1962, or later. Ida, who testified by deposition, denied receiving the information prior to May.

Other testimony of plaintiff is significant as to non-occurrence of the accident. In spite of pain she resumed her duties after the fall but avoided lifting heavy packages. She was absent on account of the back injury Monday through Wednesday of the following week. In a telephone call to Ida on Monday she mentioned illness but omitted particulars. When she returned on Thursday, nothing was said. Her employment ended March 2, 1962.

Between March 10 and 20, 1962, plaintiff consulted a physician on five occasions for treatment of a cold and pleurisy. She testified that she had related a history of back injury but that he had intended to postpone examination of her back until disappearance of the other condition. We are left in doubt whether the history included the accident as well as the symptoms. Furthermore there is no mention of either one in the physician's notes, and he testified to no independent recollection.

On July 6, 1962, plaintiff underwent surgery. The fourth lumbar intervertebral disk was debrided and the

adjoining fifth lumbar nerve decompressed. The origin or development of the condition could not be traced medically except for a history in which plaintiff had connected the injury with her employment.

Two other circumstances affect the weight of evidence. The first is plaintiff's knowledge. At the time of the fall she knew the importance of notice, for she had obtained medical aid through defendant and her husband had been a party plaintiff in two actions for recovery of workmen's compensation on account of back injuries.

The second circumstance points up an interest of Neva. A day or so after February 14, 1962, she quit because the work was too heavy.

The compensation court observed the demeanor of plaintiff and Neva on the witness stand. It discredited their testimony that the disability had arisen out of and in the course of employment. Evidence may be destitute of persuasiveness, although it is uncontradicted directly. See Klentz v. Transamerican Freightlines, Inc., 173 Neb. 53, 112 N. W. 2d 405.

If conflicting evidence on rehearing in the compensation court was specially resolved according to the demeanor of witnesses, the resultant findings will be considered correct on de novo review in this court. See Klentz v. Transamerican Freightlines, Inc., *supra*. That rule controls this decision.

The judgment is affirmed.

AFFIRMED.