NOEL T. SCHOENROCK, APPELLANT, v. SCHOOL DISTRICT OF NEBRASKA CITY ET AL., APPELLEES.

139 N. W. 2d 547

Filed January 21, 1966. No. 36135.

Healey & Healey, for appellant.

Tyler & Frerichs, for appellees.

Heard before WHITE, C. J., CARTER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

This is a proceeding under the Workmen's Compensation Act brought by Noel T. Schoenrock as plaintiff against the School District of Nebraska City, Nebraska, and Western Casualty & Surety Company, its insurance carrier. The plaintiff was employed by the school district during the fall semester in 1963 as a tenth grade English teacher. The plaintiff claims that he injured his back in September 1963 as the result of a fall on steps leading from the bookroom at the high school.

After the hearing before a single judge of the compensation court, the action was dismissed on the ground that the plaintiff had failed to prove that his injury and disability were the result of an accident arising out of and in the course of his employment. Upon rehearing before the full compensation court, the plaintiff recovered an award for temporary total disability; permanent partial disability; and medical, hospital, and drug expense.

The district court found upon appeal that the evidence failed to show that the accident, if it occurred, produced at the time objective symptoms of an injury, and dismissed the action. The plaintiff's motion for new trial was overruled and he has appealed.

The principal issue presented in this case is whether the evidence is sufficient to show that the plaintiff's disability is the result of an accident arising out of and in

the course of his employment. In an action under the Workmen's Compensation Act the burden is on the claimant to establish by a preponderance of the evidence an accident arising out of and in the course of his employment and the disability resulting therefrom. Smith v. Stevens, 173 Neb. 723, 114 N. W. 2d 724.

The plaintiff testified that he was assigned to teach in room No. 35, a classroom on the second floor of the high school building. Commencing in the second or third week of school he planned to have several of his classes study a play. On or about September 10, 1963, he went to the bookroom to get copies of the play so that he could hand them out to the students.

The bookroom is a small storage room on the third floor of the high school building which opens off room No. 41, the typing room. The floor of the bookroom is about 2 feet higher than the floor of the typing room. There are three steps between the typing room and the bookroom.

The plaintiff testified that he had carried one box of books from the bookroom to his classroom. On the second trip he was carrying between 12 and 18 of the small, clothbound books under his left arm when he slipped and fell on the steps leading from the bookroom to the typing room.

The plaintiff testified that he fell backward and caught himself with his right arm on the floor level of the bookroom. There was a jolt and a twist to plaintiff's spine when he struck the floor. He felt pain and believed that he had strained a muscle in the lower part of his back.

The plaintiff returned to his classroom and then went to the teachers' room on the first floor to correct some papers. He had difficulty sitting down and getting his chair up to the desk. At noon he had trouble sitting down in the lunchroom and getting his chair up to the table. At first the plaintiff thought that the injury was minor and would correct itself. The injury became pro-

gressively worse and the plaintiff made an appointment to see a physician.

The plaintiff was examined by Dr. Burbridge on September 30, 1963. Dr. Burbridge found extensive muscle spasm in the plaintiff's lower back and right hip. He prescribed Medcosonolator treatments and an analgesic. On October 2, 1963, the plaintiff was referred for X-ray examination. On October 3, 1963, Dr. Burbridge taped the plaintiff's back.

On October 19, 1963, the plaintiff was referred to Dr. Getscher, an orthopedic surgeon at Lincoln, Nebraska. Dr. Getscher found a muscle weakness in the right leg and tenderness in the lower back and right buttock. The straight leg-raising test was strongly positive on the right side and there was considerable loss of sensation over the outer aspect of the left foot and ankle. X-ray examination disclosed a narrowing of the disk space at L-5. Conservative treatment did not prove successful. On February 17, 1964, a myelogram was performed which revealed a ruptured intervertebral disk at L-4 on the right side. A hemolaminectomy was performed the following day. A ruptured intervertebral disk was found and removed on the L-4 on the right side. The plaintiff's recovery was satisfactory and uneventful. The plaintiff's permanent disability was estimated to be approximately 5 percent.

The plaintiff's evidence, if believed, is sufficient to establish an accident arising out of and in the course of his employment. The statute defines an accident as "an unexpected or unforeseen event happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury." § 48-151, R. R. S. 1943.

Objective symptoms of an injury are those which may be observed by others as distinguished from those which are apparent only to the injured person. An objective symptom may be any symptom which indicates a deleterious change in the bodily condition of the injured per-

son.  Manning v. Pomerene, 101 Neb. 127, 162 N. W. 492. An abnormal posture or an inability to walk in a normal manner may be an objective symptom.  Bekelski v. Neal Co., 141 Neb. 657, 4 N. W. 2d 741.

The evidence in this case is that the plaintiff commenced having difficulty immediately after the accident.  When he went to the teachers' room to correct papers and again at noon in the lunchroom the plaintiff had difficulty in sitting down and getting his chair up to the table.  The injury seemed to progress and he developed a numbness in his right foot.  His right hip joint felt as though it was catching and would not move. At the time the plaintiff went to see the doctor his right leg was numb and the ankle joint and knee joint would not bend.  The plaintiff could climb stairs only one step at a time and had to walk very slowly.  These are all symptoms which could have been observed by others and constitute objective symptoms.

The requirement that objective symptoms of an injury be produced "at the time" of the accident is satisfied if the symptoms manifest themselves according to the natural course of such matters without any independent intervening cause being shown.  Albert v. Krey Packing Co. (Mo. App.), 195 S. W. 2d 890; Schroeder v. Western Union Telegraph Co. (Mo. App.), 129 S. W. 2d 917.  There is no evidence in this case of any intervening cause of the plaintiff's disability.

There is no statutory requirement that the symptoms be observed by others or that the existence of the symptoms be proved by independent testimony.  Although the plaintiff was not examined by a physician until September 30, 1963, Dr. Burbridge found that there was considerable muscle spasm at that time.  The evidence permits an inference that muscle spasm was present following the accident and would have been observed if an examination had been made at that time.  There is also evidence to the effect that some of the students noticed the difficulty which the plaintiff was having.

The serious question in this case is the credibility of the plaintiff's testimony. There were no witnesses to the accident and the entire proof relating to the circumstances of the accident consists of the plaintiff's testimony. The defendants were able to introduce some conflict in the evidence by proof that some of the plaintiff's testimony was in error. However, the defendants' evidence, for the most part, did not dispute the testimony of the plaintiff directly or relate to the circumstances of the accident. Much of the defendants' evidence related to collateral matters, was negative in character, or related to what the usual or customary procedure might be instead of what happened in the particular instance.

The medical evidence tends to corroborate the plaintiff's testimony. The plaintiff was examined on August 27, 1963. This examination, although routine in nature, indicated that the plaintiff's musculo-skeletal system was normal and that the plaintiff had no limitations or significant defects.

Dr. Getscher testified that it was his opinion that the accident on or about September 10, 1963, produced the ruptured intervertebral disk in the plaintiffs' back; that the history given by the plaintiff was consistent with the injury and his findings; and that the condition had not existed for a long period of time.

There are circumstances in the record which tend to explain the discrepancies and irregularities in the plaintiff's testimony. The injury in this case did not produce immediate disability. The injury was progressive in nature and the disability developed over a period of several weeks. Under such circumstances it is not unusual for a claimant to be unable to remember correctly all of the circumstances surrounding the accident which produced the injury and eventual disability.

There is also evidence to the effect that the plaintiff has some emotional instability. Dr. Getscher testified that the plaintiff was quick of action; was very quick to answer questions and make up his mind; that he had a

superficial attitude toward everything that occurred in his life including his own physical condition; and that he exhibited a light, unrestrained, and highly emotional status.

Although the appeal is determined de novo upon the record by this court, consideration must be given to the fact that the compensation court saw and heard the witnesses who testified in person and found for the plaintiff. If conflicting evidence on rehearing in the Nebraska Workmen's Compensation Court is specially resolved according to the demeanor of witnesses, the resulting findings will be considered correct on de novo review in this court. Meadows v. Skinner Manuf. Co., 178 Neb. 856, 136 N. W. 2d 184. See, also, Klentz v. Transamerican Freightlines, Inc., 173 Neb. 53, 112 N. W. 2d 405.

From our consideration of the record we conclude that the evidence is sufficient to support a finding that the plaintiff's injury and disability are the result of an accident arising out of and in the course of his employment.

At the trial, statements for medical and hospital services furnished to the plaintiff were received in evidence over the defendants' objection that there was no evidence as to the fair and reasonable value of the services included in the statements. The record shows that at the time the exhibits were received, the presiding judge of the compensation court stated that the court would check the charges closely and determine whether they were reasonable and complied with the medical fee schedule that had been approved by the compensation court. This procedure was in accordance with Rule IV of the Rules of Procedure of the Nebraska Workmen's Compensation Court.

The statute provides in part that: "The employer shall be liable for reasonable medical and hospital services and medicines as and when needed, subject to the approval of the compensation court, not, however, to exceed the regular charge made for such service in similar

cases; * * *." § 48-120, R. R. S. 1943. Where the evidence shows that certain medical and hospital expenses have been incurred by an injured employee, a prima facie case is made out, and in the absence of any showing that the expenses incurred were unreasonable, the proof will be held sufficient. Gourley v. City of Grand Island, 168 Neb. 538, 96 N. W. 2d 309. The statements for medical and hospital expenses were properly received in evidence.

The defendants attempted to introduce excerpts from records of the student health center of the University of Nebraska which purported to relate to medical attention that the plaintiff had received in May 1962 and May 1963. There was no foundation for the admission of the records and the plaintiff's objection was properly sustained. Anderson v. Evans, 164 Neb. 599, 83 N. W. 2d 59.

For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to enter judgment for the plaintiff affirming the award of the compensation court.

REVERSED AND REMANDED WITH DIRECTIONS.

SPENCER, J., participating on briefs.