JOHN F. STEVENS, APPELLANT, V. JOSTEN-WILBERT VAULT COMPANY, APPELLEE.

154 N. W. 2d 764

Filed December 1, 1967. No. 36608.

Munro, Parker, Munro & Grossart, for appellant.

Knapp & Tarrell and Tye, Worlock, Tye & Jacobsen, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a proceeding under the Workmen's Compensation Act. Plaintiff was severely injured while in the employ of defendant. It is not disputed that he received

compensable injuries to his back and chest. Plaintiff has received an award entitling him to compensation for 88 weeks of temporary total disability and 212 weeks for a 25 percent permanent partial disability of his body as a whole. Plaintiff's assignments of error are devoted exclusively to his contention that he received injuries to his right shoulder, right hip, and left wrist which have resulted in permanent injuries to his right arm, right leg, and left wrist, entitling him to compensation for the rest of his life for a permanent partial disability.

Plaintiff's testimony reflects some degree of loss of use of the three members mentioned. Two medical experts were called by plaintiff and no evidence whatsoever was introduced by defendant. Plaintiff's local or family doctor, who treated him following his injury, testified that plaintiff had sustained a fracture of the left arm just above the wrist and that there was some arthritis in the wrist as a result of the injury, resulting in a 5 to 10 percent functional, permanent disability. He stated that he based his opinion in this regard on the fact that the range of motion in plaintiff's wrist was now more limited than it had been before the accident, but conceded that he had never measured the range of motion either before or after the accident. He further testified that, in his opinion, plaintiff had sustained a 20 to 30 percent permanent partial disability of his body as a whole.

The other medical expert called by plaintiff was an orthopedic surgeon who had been called in to assist in the treatment of plaintiff's injuries. He testified that two operations were performed on plaintiff's chest which resulted in a 5 percent permanent functional loss of use of the right arm although the right arm had not itself sustained any direct injury. This loss of use of the arm was attributed to the chest injury and the postoperative effect on the muscles of the shoulder. Regarding the left wrist, he agreed that there was some slight functional disability of a permanent nature due to arthritis resulting from injury to the wrist. He stated that he meas-

ured the wrist for loss of motion and that there was no measurable loss; also, that any injury to the wrist was of so slight a nature that he could not set a percentile figure on such disability. Regarding the arthritis in the hip resulting from plaintiff's injuries, he stated that it would likely need treatment intermittently, but that there was no measurable disability in the hip and again failed to place a percentile figure on the extent of such disability. He further stated that, in his opinion, plaintiff, as a result of the injuries to his body as a whole, was 20 to 25 percent permanently partially disabled.

"The burden is on a plaintiff in a workmen's compensation case to prove a right of recovery." Hula v. Soennichsen, 178 Neb. 484, 134 N. W. 2d 47. See, also, Hardin v. Moorman Manuf. Co., 179 Neb. 869, 140 N. W. 2d 820. "The rule of liberal construction of the Workmen's Compensation Act does not apply to the evidence to support a claim." Hula v. Soennichsen, *supra*. "A workmen's compensation award cannot be based on possibility or speculation, and, if an inference favorable to the claimant can only be reached on the basis thereof, then he cannot recover." Welke v. City of Ainsworth, 179 Neb. 496, 138 N. W. 2d 808. See, also, Oline v. Nebraska Nat. Gas Co., 177 Neb. 851, 131 N. W. 2d 410; Snowardt v. City of Kimball, 174 Neb. 294, 117 N. W. 2d 543.

In the present case, it appears that plaintiff may have sustained some slight residual injuries to his left wrist and right hip, but in neither case is there sufficient evidence upon which to base an award. As to the wrist, one medical expert said there was some loss of motion, but conceded that he had made no measurements thereof. The second medical expert, who was, as an orthopedic surgeon, better qualified to pass upon the extent of the injury, did measure the wrist for loss of motion and specifically stated that there was none. One doctor did not testify to any permanent injury to the hip and the second said there was no measurable disability. In other words, the sum and substance of this testimony is that

there was no measurable disability resulting to either the hip or the wrist and no percentile figure of disabiilty was given. Under such circumstances, it would be sheer speculation for this court to attribute a 5, 10, or 15 percent functional disability to these members. No error appearing, the judgment of the district court should be and is affirmed.

AFFIRMED.