LEONA F. BUCK, APPELLEE, v. IOWA BEEF PROCESSORS, INC., APPELLANT.

251 N. W. 2d 875

Filed March 30, 1977. No. 40799.

126

Smith, Smith & Boyd, for appellant.

Mohummed Sadden and Joe Cosgrove, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

This is a workmen's compensation case. A single judge and later a three judge Workmen's Compensation Court entered an award for plaintiff for temporary total disability and a permanent partial disability to plaintiff's right foot, together with medical expenses. The defendant employer has appealed.

Plaintiff was employed by the defendant as a meat checker on the production line of the defendant's meat processing plant at Dakota City, Nebraska. On December 23, 1974, she was to work the 3 to 11:30 p.m., shift. When she arrived at defendant's plant at about 2:15 p.m., the employees' parking lot was full and plaintiff parked on the county road right-of-way across from one of the plant entrances. At that entrance to defendant's plant there is a metal chain link fence which has a small gate in it about 3 feet wide for pedestrians. Plaintiff entered and went to work. After approximately 4 hours she left her work to take her lunch break. Employees are entitled to a 30-minute lunch break. They may leave the premises on their lunch time or eat in the cafeteria provided for them in the plant. The plaintiff left the plant to move her car into the employees' parking lot. Her boots were greasy from her work

and the pavement in the parking lot was icy. The plaintiff walked across the parking lot and as she started through the pedestrian gate, she slipped and fell, and landed just outside the gate. Plaintiff's ankle was broken and she was not able to return to work until June 1, 1975.

The single judge Workmen's Compensation Court and the three judge Workmen's Compensation Court awarded the plaintiff compensation for temporary total disability for a period of 22 6/7 weeks and for an 11 percent permanent partial disability to the right foot, together with medical and hospital expenses. Both courts specifically found that plaintiff fell on the premises of the defendant. The defendant employer has appealed to this court from the award of the three judge Workmen's Compensation Court on rehearing.

The defendant contends that the plaintiff was engaged in a personal errand during her lunch period; that the errand was not incidental to her employment; and that the injury therefore did not arise out of or in the course of her employment. There is also an inference in defendant's argument that the evidence showed that plaintiff fell outside the pedestrian gate and off the premises of the defendant.

There is no evidence that the chain link fence was the outside boundary of defendant's premises and, even if it were, both Workmen's Compensation Courts specifically found that plaintiff fell on the defendant's premises, and there was sufficient competent evidence in the record to support that determination. The findings of fact of the Workmen's Compensation Court on rehearing in this case were made on April 13, 1976. Under section 48-185, R. S. Supp., 1976, those findings of fact have the same force and effect as a jury verdict in a civil case. In testing the sufficiency of the evidence to support the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing, the evidence must be

considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be drawn therefrom. Salinas v. Cyprus Industrial Minerals Co., 197 Neb. 198, 247 N. W. 2d 451.

Defendant contends that the injury received by plaintiff was sustained during her lunch hour and while she was leaving the employer's premises on a personal errand and was therefore not incidental to her employment. As early as McDonald v. Richardson County, 135 Neb. 150, 280 N. W. 456, this court said: "An employee leaving the premises of her employer in the usual and customary way after her work is ended is within the course of her employment within the meaning of the workmen's compensation law. Walking to and from the street and a building where one is employed is a necessary incident of the employment, and an injury sustained in so doing is compensable." Walking to or from work at the beginning or end of a lunch hour is just as much an incident of employment as it is at the beginning or end of a day.

In 1 Larson, Workmen's Compensation Law, section 15.00 at page 4-2, it is stated: "As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and coming from work before or after working hours or at lunchtime are compensable * * *."

In Thomsen v. Sears Roebuck & Co., 192 Neb. 236, 219 N. W. 2d 746, this court held that an accidental injury sustained by an employee on the premises where she was employed, during her lunch hour, while she was in an employees' lunchroom, was an injury arising out of and in the course of her employment, and that her intention to undertake a personal errand at the time was wholly immaterial.

An accidental injury sustained by an employee on the premises where she is employed, during her

lunch period, while going to or coming from work, is an injury arising out of and in the course of her employment. The fact that plaintiff intended to perform a personal errand after leaving the employer's premises is immaterial. In this case the employees were permitted to leave the premises for lunch or for other purposes during the lunch hour. Courts have been liberal in protecting workers during unpaid lunch periods if the injury occurs on the premises of the employer while the employee is doing what an individual might reasonably do within a time during which he is employed and at a place on the premises where he may reasonably be at that time.

Under the facts here the plaintiff's injury arose out of and in the course of her employment. The judgment of the Workmen's Compensation Court is affirmed. The plaintiff is allowed the sum of $750 for the services of her attorney in this court.

AFFIRMED.