RICK L. KUDERA, APPELLANT, V. MINNESOTA MINING AND MANUFACTURING COMPANY, ALSO KNOWN AS 3M COMPANY, APPELLEE.

266 N. W. 2d 915

Filed June 21, 1978. No. 41728.

Hutton & Garden, for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is a workmen's compensation case. At the first hearing, the plaintiff was found to have suffered an injury to the muscles of his right shoulder while pulling scrap plastic from a pile preparatory to inserting it into a grinding machine. The judge ordered the medical expenses paid, but found that the plaintiff had suffered no disability. The plaintiff appealed to the full tribunal. The decision of the one-judge court was affirmed by a majority of the three-judge panel, Judge Buchholz dissenting. We affirm.

The plaintiff suffered an injury on April 28, 1976, for which he was treated. The plaintiff's employment was terminated shortly thereafter. The parties dispute the reasons. Plaintiff asserts that he was unable to perform the work required of him, by reason of severe pain. The defendant asserts that the plaintiff was fired for repeated tardiness.

The plaintiff's evidence is that since the accident he has suffered continual and unremitting pain, and that he has been disabled since the injury. Plaintiff was first treated by Dr. Joseph David, Jr., on April 28, 1976. Dr. David testified that he found no evidence of injury on X-rays, but that the muscles around the shoulder were extremely tender. The

plaintiff was told to rest the shoulder and was given pain pills. He again saw the plaintiff on September 3, 1976. The plaintiff complained of continued tenderness in the muscles. A drug to reduce tenderness was given to plaintiff. On October 12, 1976, no improvement being shown, the plaintiff was referred to Dr. Charles E. Henkel, an orthopedist. At that time, Dr. David felt that the plaintiff could not return to work. Dr. Henkel did not testify.

Dr. Thomas L. Workman, a chiropractor, testified that he first saw the plaintiff on May 13, 1977, for an unrelated low back injury. At the request of plaintiff, he examined his shoulder. The plaintiff recited the injury of April 28, 1976, and a history of intense pain since that time. Dr. Workman testified that no objective findings were discovered but that plaintiff was "totally disabled." The plaintiff was depressed by his inability to work and was referred to Dr. Daryl Stephenson, a psychiatrist in Yankton, South Dakota. Dr. Stephenson did not make a physical examination, but took the plaintiff's history on July 19, 1977. In his opinion, based on reasonable psychiatric certainty, the plaintiff suffered a disability and has not been able to work since that time.

The defendant produced the evidence of Dr. Joseph F. Gross, M. D., an orthopedic surgeon, who testified that he examined the plaintiff on June 3, 1977. Essentially the physical examination was negative. Dr. Gross described at length a test for "scapulohumeral rhythm." The test involves the full range of movement of the shoulder, and is described by Dr. Gross as "a very accurate test." The completion of the movements is apparently indicative of a lack of pain in the shoulder area. Dr. Gross testified as follows: "Q What were your findings in that regard with Mr. Kudera? A He had a normal scapulohumeral rhythm on both sides. Q Did you find any reason why Mr. Kudera could not carry on his usual employment? A *No, sir. * * ***

Q  In short, you could find nothing wrong with him, is that right, at the time you saw him.  A  That is right."  (Emphasis supplied.)

This court is not free in workmen's compensation cases to weigh the facts anew.  Our standard of review accords to the findings of the compensation court the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong.  See, § 48-185, R. S. Supp., 1976; Hyatt v. Kay Windsor, Inc., 198 Neb. 580, 254 N. W. 2d 92.

The presence or absence of pain where no physical cause can be discovered is obviously a factual question.  Whether this court would agree with the dissent, that the physical pain was present, and is disabling, were we free to review the evidence de novo, is speculative.  Strong evidence indicates the pain is real, but substantial evidence supports the compensation court's decision.  We are bound by that factual decision, since it is not clearly wrong.

AFFIRMED.