EMMA GERALDINE WOLFE, APPELLEE, V. AMERICAN
COMMUNITY STORES, DOING BUSINESS AS HINKY DINKY
STORE NO. 63, APPELLANT.

290 N. W. 2d 195

Filed March 18, 1980.   No. 42709.

Hansen & Engles, for appellant.

Richard J. Spethman, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, J.

This is an appeal by American Community Stores, doing business as Hinky Dinky Store No. 63, from the judgment of the three-judge compensation court which determined that the appellee, Emma Geraldine Wolfe, while employed on July 29, 1976, by the appellant as a delicatessen manager and engaged in the duties of her employment, suffered injuries to her back as the result of an accident arising out of and in the course of her employment by the appellant and found that the appellee was totally disabled from and after August 2, 1976, and was temporarily totally disabled and remained temporarily totally disabled at the time of the hearing thereon. Appellant, American Community Stores, doing business as Hinky Dinky Store No. 63, raises two issues in its assignments of error: (1) Whether or not Emma Geraldine Wolfe's injury and disability were caused by an accident in the course of employment as defined by section 48-151, R. R. S. 1943, of the Nebraska workmen's compensation law; and (2) whether or not the appellee is totally disabled. We affirm.

In reviewing the judgment of the compensation court, we are bound by the findings of fact made by that court after rehearing to the extent that the same have support in the evidence. Findings of fact made by the Workmen's Compensation Court after rehearing have the effect of a jury verdict and we may not set them aside on appeal unless clearly wrong. Keith v. School District No. 1, *ante* p. 631, 289 N. W. 2d 196 (1980). The facts are not essentially in dispute.

On July 29, 1976, the employee, who had no history of previous back problems, reported for work at 8 a.m. to her job as delicatessen manager of the Hinky Dinky Store No. 63 in Omaha, Douglas County, Ne-

braska. The appellee testified that, on the day of the injury, she completed the job of moving ten 53-pound boxes of canned meat from a position in the front of the cooler near the delicatessen area. She then assisted in moving tubs of salad from the cooler to the counter where display pans were filled and this work was completed at approximately 11:30 or 11:45 a.m. At the time the work was completed, the employee noticed no back pain or discomfort; about noon, approximately 15 minutes to one-half hour after the last lifting episode, she felt a sharp pain in her low back. She could not recall any specific activity in which she was engaged at the onset of this pain. She reported the incident and after August 2, 1976, she has not returned to work at Hinky Dinky Store No. 63 nor engaged in any other gainful activity.

At rehearing, one physician testified that she was totally disabled. Another physician, whose deposition was an exhibit at the rehearing, testified that she was 40 percent disabled. We note that the description of her disability given by the physician who testified to 40 percent disability indicated that Mrs. Wolfe still could not engage in any lifting; that she was subject to continual pain; that her condition was aggravated by prolonged standing or sitting; and that the only real relief she could get was by the use of painkillers or lying down. Further, his definition of total disability was "If you are flat on your back, paralyzed, or dead." Suffice it to say that Mrs. Wolfe was totally disabled under section 48-121, R. R. S. 1943.

We have held in Miller v. Peterson, 165 Neb. 344, 85 N. W. 2d 700 (1957), and Shotwell v. Industrial Builders, Inc., 187 Neb. 320, 190 N. W. 2d 624 (1971), that disability for purposes of our statute is defined in terms of employability and earning capacity rather than in terms of loss of bodily function. In defining total disability, losses in bodily function are

not important in themselves but are only important insofar as they relate to earning capacity and the loss thereof. Other than vague references to some type of sedentary occupation undefined in the record, the physicians testified that appellee was not employable. The conflict in the evidence, if one exists, between the two physicians with respect to total disability was for the compensation court to decide and they have made their determination based on the evidence before them. There being evidence in the record to support the finding of temporary total disability on the date of rehearing, we are bound by that finding. Keith v. School District No. 1, *supra.*

The more serious question is presented by the first assignment of error in which the appellant essentially contends that the appellee has failed to meet her burden in establishing by a preponderance of the evidence that she sustained an unexpected or unforeseen injury arising out of and in the course of her employment, happening suddenly and violently, and producing at the same time objective signs of injury. Appellant cites the case of Eliker v. D. H. Merritt & Sons, 195 Neb. 154, 237 N. W. 2d 130 (1975). It is uncontroverted in the record that the appellee was not engaged in any heavy lifting or other strenuous activity at the time of the onset of the low back pain. Appellant points out in the opinion of Judge Spencer's in the Eliker case the following: "We are of the opinion that the plaintiff has failed to sustain his burden of proving that his accident arose out of his employment or occurred in the course of his employment. It is true that the plaintiff said that his neck pains came on suddenly while at work. It is also true that he has been working in employment involving a lot of lifting, twisting, and stooping. There is no evidence, however, as to exactly what he might have been doing at the time of the onset of the pain. Plaintiff said he was pursuing his regular duties.

Doctor Goetowski's notes contained the following statement: ' "Consider it an accident or not, I don't know." ' Further, Doctor Goetowski noted: ' "Don't have any definite notation of an accident, but he could have had several."?' "

Unlike the Eliker case, in this case the two physicians testified, one with reasonable medical certainty and the other "probably," that Mrs. Wolfe's injuries were incurred during the course of her employment and as a result of an accident. There is no evidence of any preexisting back condition or of any other incident which was related to the appellee's injury. The sole question is whether or not this was an accident. The Workmen's Compensation Court, in its order, distinguished the Eliker case and said: "In Brokaw v. Robinson (1969), 183 Neb. 760, 164 N. W. 2d 461, in construing the 'by accident' requirement, the Supreme Court said: 'The "by accident" requirement of the Workmen's Compensation Act is now satisfied, either if the cause was of an accidental character, or if the effect was unexpected or unforeseen, and happened suddenly and violently. * * *' * * * However, in view of plaintiff's having experienced no prior back injury or pre-existing condition involving her back and in view of the objective symptoms manifesting themselves within an hour of said lifting, the Court finds from all the evidence that the plaintiff has established by a preponderance of the evidence that such unexpected or unforeseen injury was in fact caused by her employment by the defendant."

The compensation court further held that the requirement of objective symptoms of an injury produced at the time of the accident is satisfied if the symptoms manifest themselves according to the natural course of such matters without any independent intervening cause being shown. Schoenrock v. School Dist. of Nebraska City, 179 Neb. 621, 139 N. W. 2d 547 (1966).

The judgment of the compensation court is supported by competent evidence and must be affirmed.

AFFIRMED.

HASTINGS, J., participating on briefs.