RONALD J. MOHR, APPELLEE, V.
SOIL MOVER MANUFACTURING COMPANY AND
FEDERATED INSURANCE COMPANY, APPELLANTS.

298 N.W.2d 166

Filed October 31, 1980. No. 43325.

Baylor, Evnen, Curtiss, Grimit & Witt for appellants.

Douglas R. Milbourn of Tessendorf, Milbourn, Fehringer & Bothe, P.C., for appellee.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and BLUE and CAPORALE, District Judges.

BOSLAUGH, J.

This is an appeal in a proceeding under the workmen's compensation act. The plaintiff, Ronald J. Mohr, was employed as a welder by the defendant Soil Mover Manufacturing. The plaintiff alleged that he had suffered a left inguinal hernia while at work on April 2, 1979.

After a hearing before a single judge of the compensation court, the plaintiff recovered an award for temporary total disability and medical and hospital expenses. Upon rehearing before a three-judge panel of the compensation court the award was affirmed, one judge dissenting. The defendants have appealed.

The issues upon the appeal are essentially questions of fact. The findings of fact made by the Workmen's Compensation Court after rehearing now have the effect of the verdict of a jury and will not be set

aside unless clearly wrong. Neb. Rev. Stat. § 48-185 (Reissue 1978); *Wolfe v. American Community Stores*, 205 Neb. 763, 290 N.W.2d 195 (1980).

The record shows that the plaintiff was 18 years of age. On April 2, 1979, he was engaged in welding reinforcement bars on a scraper bucket. The reinforcement bars are flat stock steel bars, 2 inches wide, and approximately 3 feet long. There are four bars on the bottom of each scraper bucket and each bar weighs about 20 pounds. The plaintiff testified that after lunch he picked up four bars from the floor to place them on the bucket which was lying on the floor upside down. As he was lifting the bars from the floor, he "felt a sharp pain in the groin area." He continued to work but began to feel sick and the pain started to get worse. He worked another hour or hour and a half before he told the foreman that he didn't feel well and was going home. He was examined by a physician that same afternoon and was found to have a large, bulging, tender mass in the left inguinal region which was not easily reduced. The plaintiff was experiencing discomfort and pain and was hospitalized that afternoon. The hernia was repaired surgically 2 days later. The physician testified that, in his opinion, the lifting was the most probable cause of the hernia.

The plaintiff had no previous history of hernia problems and he returned to work following the surgery. There is no evidence that the hernia developed at any time other than when the plaintiff was at work for the defendant on the premises of the defendant.

What conflict there is in the evidence arises from previous statements of the plaintiff. The plaintiff had been interviewed by a representative of the defendant employer's workmen's compensation liability insurance carrier and had said, "Well, maybe it happened when I was changing the wire." The physician testified that the plaintiff had said the pain occurred while he was lifting a roll of wire used in the welding machine.

The plaintiff had made a claim under group health and accident insurance furnished by the employer. The claim forms stated that the hernia was not work-related. The evidence shows, however, that the claim forms had been filled out by persons other than the plaintiff and that this claim was made after the employer's compensation carrier had denied the claim. The plaintiff may have been under the impression at that time that it had been determined that the hernia was not work-related.

Under Neb. Rev. Stat. § 48-185(3) (Reissue 1978), an award of the compensation court may be reversed or set aside if "there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award . . . ." Since the record in this case contains sufficient competent evidence, if believed, to sustain the award, the judgment must be affirmed.

The plaintiff is allowed $1,500 for the services of his attorney in this court.

AFFIRMED.

BRODKEY and HASTINGS, JJ., concur in result.