SHERILL L. DOUGLAS, APPELLANT, V.
PIZZA HUT OF CRETE, NEBRASKA, APPELLEE.

299 N.W.2d 181

Filed December 1, 1980. No. 43104.

Herbert J. Friedman for appellant.

Michael P. Cavel of Sodoro, Johnson, Daly, Stave, Cavel & Coffey for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

BOSLAUGH, J.

This is an appeal in a proceeding under the workmen's compensation act. The plaintiff, Sherill L. Douglas, was employed as a waitress by the defendant, Pizza Hut of Crete, Nebraska. While at work on February 22, 1979, the plaintiff slipped and fell and was injured.

Following the accident, the plaintiff was treated for injuries to her right wrist and right knee. She now claims that she also injured her neck and back in the accident and is totally disabled.

At the hearing before a single judge of the compensation court, the plaintiff recovered an award for temporary total disability and medical and hospital expenses. Upon rehearing before three judges of the compensation court, the plaintiff again recovered an award for temporary total disability and medical and hospital expenses. The compensation court on rehearing found specifically that there was no evidence of permanent disability and no evidence that her

claimed neck and back injuries were caused by the accident on February 22, 1979.

The plaintiff has appealed and contends that the compensation court erred in failing to find that she was totally disabled as a result of neck and back injuries sustained in the accident on February 22, 1979.

The evidence is that the accident happened at about 9 p.m. At about midnight, the plaintiff was taken to the hospital where she was examined by a physician's assistant. The hospital record shows the plaintiff was complaining about her wrist and knee and that her lower back was hurting "a little."

On the following day, the plaintiff was examined by Dr. Walter E. Gardner. Dr. Gardner testified that the plaintiff had pain in her right wrist and right knee but had no other complaints at that time. Dr. Gardner saw the plaintiff again on March 5 and March 27. On both occasions, her complaints were limited to the right wrist and knee. Dr. Gardner also saw the plaintiff on April 10 and May 8. At that time, Dr. Gardner felt she had recovered from the injury to her knee and wrist.

The plaintiff was examined again by Dr. Gardner on July 26, 1979. That was the first time the plaintiff mentioned a neck injury to Dr. Gardner.

The plaintiff had consulted Dr. Thomas G. Bauer, a chiropractor, on April 17, 1979. Dr. Bauer found that the plaintiff was suffering from pain in the area of her neck and lower back and performed seven adjustments on the plaintiff between April 19 and May 10. On the basis of the history related to him by the plaintiff, Dr. Bauer testified that she had a misalignment of the vertebrae in the neck and the lower back as a result of the accident. Dr. Bauer estimated the plaintiff had sustained a 10 percent permanent partial disability.

The plaintiff also consulted Dr. Joseph A. Houle of the Thomas-Davis Clinic at Tucson, Arizona, on July 9, 1979. Dr. Houle and his associates had prescribed

various medications, physiotherapy, traction, and exercise. On the basis of the history related to him by the plaintiff, Dr. Houle testified her neck and back pain was related to the accident on February 22, 1979.

The petition which the plaintiff filed in the compensation court on March 7, 1979, alleged that her injuries were a "fractured wrist and injury to knee." In response to interrogatories served by the defendant, the plaintiff stated that her understanding of the nature of the injuries she suffered in the accident on February 22, 1979, was, "Fractured to my wrist on the right hand side. Soreness in my right knee (sprain)." In her testimony, the plaintiff attempted to explain the answer by stating the word "sprain" in parentheses "was meant to have been the back."

The question of whether there was any causal relation between the accident on February 22, 1979, and the plaintiff's alleged back and neck difficulty was one of fact. The findings of fact made by the Workmen's Compensation Court after rehearing now have the effect of the verdict of a jury and will not be set aside unless clearly wrong. *Mohr v. Soil Mover Mfg.,* Co., *ante* p. 261, 298 N.W.2d 166 (1980). The findings of fact in this case have ample support in the record.

The allegations of the petition, the answer to the interrogatory, and the testimony of Dr. Gardner all support the findings of the compensation court. Dr. Houle admitted that his opinion was based in part upon the assumption that the neck and back difficulty had developed soon after the accident. X-ray examination of the plaintiff's back by Dr. Houle disclosed degenerative arthritic changes which he testified were not due to the accident and could account for her present complaints.

Since the record contains sufficient competent evidence to sustain the award, the judgment must be affirmed.

AFFIRMED.