GERTRUDE C. BECK, APPELLEE, v. STATE OF NEBRASKA, APPELLANT.

168 N. W. 2d 532

Filed June 6, 1969. No. 37162.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellant.

Donald E. Endacott and Mason, Knudsen, Berkheimer & Endacott, for appellee.

Heard before WHITE, C. J., CARTER, BOSLAUGH, SMITH, McCown, and NEWTON, JJ.

SMITH, J.

A state director performing official duties experienced emotional strain that combined with chronic coronary artery disease to cause his death. The Workmen's Compensation Court initially awarded death benefits to the widow, but on rehearing it dismissed her claim. The district court on appeal reversed the order of dismissal, and the State of Nebraska has appealed. We review law and facts related to causation.

Plaintiff is the widow of Leo J. Beck, who was Director of Veterans' Affairs from 1963 to his death. As director, he served on a board of inquiry and review that exercised limited jurisdiction over the Nebraska Soldiers' and Sailors' Home at Grand Island. The board had authority to recommend policy and to determine eligibility of members of the home. General management of the home was vested in the Department of Public Institutions. See § 80-304, R. R. S. 1943. The section creating the Department of Veterans' Affairs provides: "He (the director) shall be appointed by the Governor, subject to confirmation by the Legislature. . . . The director shall serve until a new director to succeed him is appointed and has qualified." § 80-401.02, R. R. S. 1943.

The emotional strain contributing to Beck's death resulted from the introduction of L. B. 128 at the 77th

Session of the Nebraska Legislature (1967). The bill described a large unimproved part of the tract of land that was the site of the home. It authorized the Governor to transfer the described land to the County of Hall for educational purposes. Emotional strain on Beck was visible on February 21, 1967, at the conclusion of a telephone call to him from the office of the Governor. On the same day in response to the call Beck wrote the sponsor of the bill: "Regarding Legislative Bill 128, these few lines will reiterate my statement made . . . last Friday to the effect that we would accept any decision that Governor Tiemann might see fit to make regarding the disposition of this bill."

Beck in 1958 had sustained a posterior lateral myocardial infarction. An electrocardiogram in 1964 revealed residual heart damage. Beck died in Angola, Indiana, on March 4, 1967, at age 70. The attending physician wrote: "Impression: Coronary thrombosis with acute myocardial failure terminating in death." A post-mortem examination was not made.

Dr. G. H. Misko, who had treated Beck in 1958 and subsequent years, reported: "Leo Beck's chronic coronary artery disease and the emotional strain resulting from his experience involving the telephone call and letter combined to precipitate certain pathological processes which culminated in his coronary thrombosis. His disturbing experience of February 21, 1967, produced at the time objective symptoms, such as vasoconstriction and increased pulse rate and blood pressure. . . . It is a well-known fact that emotional disturbances . . . react upon the circulatory system in such a way as to add an extra work load to a myocardium which has already been damaged and may, therefore, precipitate a new myocardial infarction."

In a workmen's compensation case death caused by (1) heart disease that was a personal risk and (2) emotional strain that was an employment risk is not compensable in these circumstances: The strain was no

greater than that of nonemployment life. See Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461.

". . . when the employee contributes some personal element of risk—e.g., . . . a personal disease which figures causally in his injury—the employment must contribute something substantial to increase the risk. The reason is that the employment risk must offset the causal contribution of the personal risk. . . . If there is some personal causal contribution *in the form of a previously weakened or diseased heart,* a heart attack would be compensable only if the employment contribution takes the form of an exertion greater than that of non-employment life. Note that the comparison is not with *this employee's* usual exertion *in his employment,* but rather with the exertions present in the normal *non-employment* life of this or any other person." Arthur Larson, "The 'Heart Cases' in Workmen's Compensation: An Analysis and Suggested Solution," 65 Mich. L. Rev. 441 at 469.

Plaintiff's claim is not compensable. The judgment is reversed and the claim dismissed.

REVERSED AND DISMISSED.

SPENCER, J., participating on briefs.