STEVEN G. INSERRA, A MINOR, BY ANTHONY R. INSERRA, HIS FATHER AND NEXT FRIEND, APPELLANT, V. VILLAGE INN PANCAKE HOUSE, APPELLEE.
247 N. W. 2d 625

Filed December 8, 1976. No. 40639.

Joseph P. Inserra of Krause, Inserra, Petersen & Burkhard, for appellant.

Richard L. Walentine of Walsh, Walentine & Miles, for appellee.

Heard before SPENCER, MCCOWN, and NEWTON, JJ., and CANIGLIA and COADY, District Judges.

SPENCER, J.

Plaintiff prosecutes this appeal from an award of the Workmen's Compensation Court en banc. Essentially, plaintiff claims the court erred in holding his total disability ceased on October 12, 1975, and in not assessing an expert witness fee for his physician. We affirm.

On the date of the accident plaintiff was 17 years old. He had worked in defendant's restaurant since 1972, working full time during the summer and on weekends during the school year as a cook. On July 24, 1974, when returning to the kitchen from the stockroom, carrying a can of cooking grease, plaintiff slipped on some water. His feet flew out from under him and he landed on his low back. He worked for a time after this incident but because of pain in his back, he was driven home by another employee. He was taken to the hospital, where he was examined, X-rayed, and told to return home, apply hot packs to his back, and not return to work for 10 days. After the 10-day period he felt better and returned to his job.

Plaintiff worked until September when school classes started again. Thereafter, he continued working on Saturdays and Sundays until school was out for the summer of 1975, when he resumed full time employment. His low back gave him trouble through the spring and summer of 1975, although he did continue to work. On August 29, 1975, plaintiff had a spinal fusion. He was released from the hospital on September 12, 1975. He started back to school on October 13, 1975.

Doctor Gross testified by deposition on November 18, 1975. He had last examined plaintiff on September 19, 1975. He testified that plaintiff was progressing nicely. Doctor Gross intended to examine plaintiff again around Christmas time. Except for testimony that plaintiff recuperated at home, there is no evidence in

the record concerning plaintiff's physical condition or his activities following surgery.

On rehearing, after a one-judge award, it was determined that plaintiff's accident had aggravated a pre-existing condition to a state of disability and there was need for corrective surgery. Plaintiff was found to have been temporarily totally disabled following the surgery for a period of 6 4/7ths weeks from August 28, 1975, to October 12, 1975. Benefits were allowed for that period, including medical care and hospital expenses relating to surgery in the amount of $3,287.75.

The Workmen's Compensation Court found plaintiff's temporary total disability ended on October 12, 1975, the day prior to his return to school, and that no permanent disability had been proved. Was there sufficient competent evidence to support this determination?

No evidence was introduced by plaintiff to indicate he was unable to return to work after October 12, 1975. The record would indicate he was recovering very well and did not require further medical treatment. The only restriction placed on plaintiff by the doctor when he was examined on September 19, was that he should avoid contact sports. Plaintiff has the burden of proof on all issues involved. On the record, we cannot say the finding of the Workmen's Compensation Court is erroneous.

We note under section 48-185, R. S. Supp., 1976, which became effective August 24, 1975, there is no longer a provision for de novo review in this court in compensation cases. That statute now provides in part: "The findings of fact made by the Nebraska Workmen's Compensation Court after rehearing shall have the same force and effect as a jury verdict in a civil case. A judgment, order, or award of the Nebraska Workmen's Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the court acted without or in excess of its powers, (2) the judgment, order, or award was procured by fraud, (3) there is

not sufficient competent evidence in the record to warrant the making of the order, judgment, or award, or (4) the findings of fact by the court do not support the order or award."

Plaintiff next complains that he should have been allowed a $150 expert witness fee for his medical witness, to be taxed as costs. This witness testified by deposition. The deposition costs in the amount of $60 were taxed as a part of the costs.

The applicable statute on the taxation of costs by the Nebraska Workmen's Compensation Court is section 48-172, R. R. S. 1943, which provides: "Each applicant for an order or an award by the Nebraska Workmen's Compensation Court shall pay all the expense of his own making; Provided, that there shall be no filing fees charged by the court, and that the court may at its discretion assess the costs of the applicant or applicants against the respondent or respondents as in like manner done in other courts of the state."

There is nothing in section 48-172, R. R. S. 1943, which authorizes the Workmen's Compensation Court to tax as an item of cost the fee of an expert witness. Section 48-172 does permit the Workmen's Compensation Court, at its discretion, to "assess the costs of the applicant * * * as in like manner done in other courts of the state." There is no merit to the plaintiff's assignment.

The judgment is affirmed.

AFFIRMED.