ROSE L. SELLENS, APPELLANT, v. ALLEN PRODUCTS CO., INC., AND AMERICAN MUTUAL INSURANCE COMPANIES, APPELLEES.

293 N. W. 2d 415

Filed June 17, 1980. No. 42966.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

Cline, Williams, Wright, Johnson & Oldfather, for appellees.

Heard before BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff's deceased husband, Paul Dean Sellens, was employed by the defendant, Allen Products Co., Inc., as a truck driver. While unloading a trailer at the Brookshire Grocery Co. warehouse in Tyler, Texas, on April 20, 1978, Sellens suffered a fatal heart attack.

At the hearing before a single judge of the compensation court, the plaintiff recovered an award for the death of her husband. Upon rehearing, the compensation court, one judge dissenting,

found the evidence was not sufficient to show the employee's death arose out of his employment and dismissed the petition. The plaintiff has appealed.

The evidence shows that, at the time of his death, Sellens was handling cases of animal food which weighed approximately 28 pounds per case. The cases were stacked on pallets which had been loaded into the trailer. At the destination, Sellens removed the pallets from the trailer and transferred the cases to different and smaller pallets which were then moved into the warehouse.

Sellens commenced unloading the trailer at the Brookshire Grocery Co. warehouse at about 10 a.m. He worked steadily from 10 a.m. until noon when there was a 30-minute lunch break. He resumed work at 12:30 p.m. and continued working until about 1:40 p.m. when his heart attack occurred. An ambulance was called and, although attempts were made to resuscitate him, he was pronounced dead upon arrival at the hospital. An autopsy performed the next day disclosed the cause of death was a recent thrombosis of the right coronary artery.

The autopsy further disclosed there was severe arteriosclerosis in all three coronary blood vessels and that Sellens had suffered a previous heart attack.

Sellens had been under treatment for hypertension since November 9, 1976. On that date he had been examined by Dr. Wilbur G. Wiedman for complaints of chest pain and shortness of breath. Dr. Wiedman prescribed medication which was continued up until the time of Sellens' death. The evidence shows that in addition to suffering from hypertension, Sellens was overweight, his triglyceride and cholesterol levels were high, and his heart was enlarged. The record as a whole establishes that Sellens was a high-risk heart patient.

The evidence further shows that Sellens led a sedentary life when he was not working. He did not

play golf, jog, mow the lawn, rake leaves, shovel the sidewalk, or engage in other physical activity. The plaintiff testified that the only help he gave her was to carry out the trash when he was at home on weekends. His principal hobbies were reading, playing cards, and watching television. He had no hobbies that involved physical activity.

To recover compensation under the workmen's compensation act, the claimant must show that an unexpected or unforeseen injury was caused by the employment. An injury, disability, or death that is the result of a natural progression of any preexisting condition or that is due to natural causes, although occurring while the employee is at work, is not compensable. Neb. Rev. Stat. § 48-151 (Reissue 1978).

In cases under the compensation act involving heart attacks, the principal issue is usually one of causation. The disability or death is not compensable unless the injury or death arose out of the employment. There is no fixed formula by which the issue may be resolved and the issue must be determined by the facts of each case. *Reis v. Douglas County Hospital,* 193 Neb. 542, 227 N.W.2d 879 (1975).

If it is claimed that the injury was the result of exertion in the employment, the evidence must show that the employment contributed in some material and substantial degree to cause the injury. *Brokaw v. Robinson,* 183 Neb. 760, 164 N.W.2d 461 (1969). The question to be determined is whether the injury was the result of a personal rather than an employment risk. *Hyatt v. Kay Windsor, Inc.,* 198 Neb. 580, 254 N.W.2d 92 (1977). The presence of a preexisting disease or condition enhances the degree of proof required to establish that the injury arose out of the employment. *Brokaw v. Robinson, supra.*

At 1B A. Larson, The Law of Workmen's Compensation § 38.83 (1979), the author points out that the essence of the problem in this type of case is causation and there should be a determination as to

whether the employment exertion was the legal cause as well as the medical cause of the death.

The plaintiff contends the compensation court erred in finding that the employment exertion was not the legal cause of Sellens' death because the finding was based upon a comparison between the exertion involved in the employment and the exertion involved in an average employee's nonemployment life. The plaintiff contends the comparison should be made with the exertion involved in Sellens' nonemployment life.

In *Beck v. State,* 184 Neb. 477, 479-80, 168 N.W.2d 532, 533 (1969), we said:

> In a workmen's compensation case death caused by (1) heart disease that was a personal risk and (2) emotional strain that was an employment risk is not compensable in these circumstances: The strain was no greater than that of nonemployment life. See Brokaw v. Robinson, 183 Neb. 760, 164 N. W. 2d 461.
>
> ". . . when the employee contributes some personal element of risk-e.g., . . . a personal disease which figures causally in his injury-the employment must contribute something substantial to increase the risk. The reason is that the employment risk must offset the causal contribution of the personal risk. . . . If there is some personal causal contribution *in the form of a previously weakened or diseased heart,* a heart attack would be compensable only if the employment contribution takes the form of an exertion greater than that of non-employment life. Note that the comparison is not with *this employee's* usual exertion *in his employment,* but rather with the exertions present in the normal *nonemployment* life of this or any other person."
> Arthur Larson, "The 'Heart Cases' in Work-

men's Compensation: An Analysis and Suggested Solution," 65 Mich. L. Rev. 441 at 469. (Emphasis and elisions in *Beck*.)

As stated in the *Beck* case, the comparison is to be made with the exertions present in the normal nonemployment life of the workman or any other person. The reference is to "the usual wear and tear of life-which certainly includes lifting objects weighing 20 pounds, such as bags of golf clubs, minnow pails, step ladders, and sets of *The Law of Workmen's Compensation* (with Annual Supplement)." Larson, *supra*, at 7-239. The precipitating exertion is to be compared with the exertion of ordinary nonemployment life, not just the nonemployment life of the particular workman.

The compensation court further found that the evidence did not show that Sellens' employment exertion was the medical cause of his death. This was a factual matter and the finding was supported by the testimony of several of the expert witnesses. Although asked several times whether Sellens' employment precipitated or contributed in a material and substantial degree to the thrombosis, Dr. Wiedman testified only that it contributed to his death. Dr. Jerry Reed conceded that, from a medical standpoint, it was "shaky" to say that Sellens' work activity caused his death. Dr. Walt F. Weaver testified that the employment exertion did not substantially increase his risk and contribute in a material and substantial degree to Sellens' heart attack. The finding of the compensation court was one of fact and must be upheld because it was supported by the evidence and not clearly wrong. *McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 288 N.W.2d 45 (1980).

The plaintiff contends it was error to permit Dr. Weaver to testify over objection as to the nonemployment exertion of an average person. Dr. Weaver is a cardiologist and, by training and ex-

perience, was familiar with the daily activities of average persons. We think he was qualified to express an opinion as to whether Sellens' employment activity contributed in a material and substantial degree to his heart attack.

There being no error, the judgment is affirmed.

AFFIRMED.

KRIVOSHA, C. J., participating on briefs.