MANUEL G. AGUALLO, APPELLANT, V.
WESTERN POTATO, INC., A CORPORATION,
ET AL., APPELLEES.

302 N.W.2d 41

Filed February 13, 1981. No. 43478.

Jim Zimmerman of Atkins, Ferguson, Hahn, Zimmerman & Carney for appellant.

Wright & Simmons for appellees.

Heard before KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and HENDRIX and KNAPP, District Judges.

KNAPP, District Judge.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff, Manuel G. Aguallo, was employed as a laborer by the defendant Western Potato, Inc., a corporation. The plaintiff

alleged that on March 26, 1976, while at work unloading potatoes, his left knee was injured when pinned against a wall by a conveyor, tearing the medial meniscus, and that on February 25, 1978, while at work sewing potato sacks, his left knee was again injured when three full sacks of potatoes "leaned against" the knee, causing a severe strain thereto. Plaintiff further alleged that the injuries to his left knee caused him to limp, thus placing an inordinate burden upon his right leg and accelerating the progress of an existing arthritic condition in both knees, ultimately resulting in plaintiff becoming permanently disabled.

At a hearing before a single judge of the compensation court, the plaintiff recovered an award for temporary total disability, for a 50 percent permanent partial loss of use of the left leg, for hospital and medical expenses, for attorney fees, and for an additional assessment of 50 percent of all payments found delinquent for more than 30 days. Defendants were given credit for $1,494.65 medical and hospital expenses and for $3,800 temporary total disability compensation paid prior to trial. The judge found that the alleged second injury was not the result of an accident but was merely a manifestation of the injuries resulting from the accident of March 26, 1976.

Both plaintiff and defendants filed refusals to accept the findings and award of the single judge. Upon rehearing before a three-judge panel of the compensation court, the award was reversed and plaintiff's petition dismissed, the panel finding that plaintiff had failed to sustain his burden of proving that the permanent disability of which he complained was the result of a compensable accident, in that the testimony of plaintiff's physician failed to causally connect that disability with either of the alleged accidents, and that plaintiff offered no other medical evidence to supply the necessary causation. Plaintiff appeals. We affirm.

The evidence shows that, following the accident of March 26, 1976, plaintiff was X-rayed at the Slagle

Clinic and a cast was applied to the left knee on June 3, 1976, and removed on June 17, 1976. He next visited the clinic on October 20, 1976, when he was referred to Dr. Paul Phillips, whose deposition was introduced at the trial. In February of 1977, a Dr. Jardon surgically repaired a torn medial meniscus in plaintiff's left knee. Dr. Jardon did not testify. The sole medical testimony was that of Dr. Phillips, who stated, in essence, that arthritis was present in plaintiff's knees prior to March 26, 1976; that he did not know how much or whether the trauma of March 26, 1976, had affected plaintiff's arthritic condition; that this was a question no one could really answer; that he had no opinion as to whether plaintiff's right leg was adversely affected by the limp caused by the injuries to the left knee; that any opinion would be speculation; that while it is conceivable that the right leg was so affected he could not state with any certainty that it was in fact so affected; and that plaintiff's arthritic condition would naturally progress to that point anyway.

The burden of proof is upon the plaintiff to show by a preponderance of the evidence that the disability sustained was caused by or related to the accident and was not the result of the normal progression of plaintiff's preexisting condition. *White v. Western Commodities, Inc.*, 207 Neb. 75, 295 N.W.2d 704 (1980). The issue on appeal, whether or not a causal connection was established between the disability and the accident, is an issue of fact. Findings of fact made by the compensation court after rehearing have the effect of a jury verdict and will not be set aside unless clearly wrong. Neb. Rev. Stat. § 48-185 (Reissue 1978).

The compensation court's finding complained of cannot be said to be clearly wrong.

AFFIRMED.