Albert R. SILVA

v.

NEW ENGLAND GROUP, MAREMONT CORP.

Supreme Judicial Court of Maine.

Argued Sept. 23, 1981.

Decided March 5, 1982.

Reconsidered April 13, 1982.

McTeague, Higbee & Tucker, Ralph L. Tucker (orally), Patrick N. McTeague, Brunswick, for plaintiff.

Richardson, Tyler & Troubh, David O'Brien (orally), Robert E. Noonan, Portland, for defendant.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

CARTER, Justice.

This case was argued on September 23, 1981. An opinion of the Court was filed on March 5, 1981, two days after oral argument in *Bryant v. Masters Machine Co.,* Me., 444 A.2d 329 (1982). Thereafter, issuance of the mandate was stayed by the Court. The appellant subsequently filed a Motion for Reconsideration. That Motion is hereby granted. The prior opinion is withdrawn. The Court's opinion after such reconsideration follows.

The employee appeals from the denial of two consolidated Petitions for Award of Compensation. The first Petition sought an award of compensation for a period of total disability between January 26, 1978, and March 27, 1978. The second Petition sought a similar award for the period July 17, 1979, to October 1, 1979. Both periods of disabili-

ty resulted from pain in the employee's back and shoulder which the Commissioner found to render him unable to work. The work activity in question consisted of the repetitive lifting of varying quantities of ball bearings to feed them into a Bryant Internal Grinder. The onset of pain was not brought about by any extraordinary activity or incident at work. The employee had worked as an internal grinding machine operator for about 13 years.

The Commissioner made the following findings, among others:

(1) That the employee had a degenerative arthritic condition of his cervical spine.

(2) That the degenerative arthritic condition "... coupled with the employee's work activity made the previously asymptomatic condition symptomatic and resulted in periods of total disability as claimed."

(3) That "the employee's work activity as outlined above did not create any change in the employee's underlying pathology."

Those findings are findings of fact, *Rowe v. Bath Iron Works Corp.,* Me., 428 A.2d 71 (1981), and they are supported by competent evidence; hence, absent fraud, they are final. *Dunton v. Eastern Fine Paper Co.,* Me., 423 A.2d 512, 517 (1980).

On those facts, the Commissioner concluded that the employee's disability did not arise out of his employment. We find error of law in that conclusion. It is apparent to us that the Commissioner gave controlling effect to the absence of any change in the pathology of the employee's underlying condition of degenerative arthritis of the cervical spine. It was error to give that factor such controlling effect. We have recently said that to the extent the Commissioner treats as dispositive, for purposes of determining causality, the presence or absence of a pathological change in the employee's pre-existing condition, he errs as a matter of law. *Bryant v. Masters Machine Co.,* Me., 444 A.2d 329, 340 n.11 The reason is that:

... [P]athological change can only be relevant to the element of "medical cause." It is, or may be, at best, evidence

tending to show that the work-related activity contributed, as a matter of medical or physical fact, to the production of pain-related disability. It can serve no role in the determination of "legal cause" as that relates to evaluation of possible expansion of the risk of disability by work-related activity or conditions of the employment.

*Bryant, id.* Neither the presence nor absence of a change in the pathology of the underlying condition is dispositive of the determination as to whether the element of "legal cause" is present in a "combined effects" case. *Id.* The harm in giving it such effect is that it cuts off the inquiry into "legal cause" prematurely and thereby prevents a comprehensive analysis of the question of whether the employee's work activity or any other condition of his employment resulted, on the facts of the particular case, in the expansion of his risk of disability over that present in the usual non-employment life of the workman or any other person. *Bryant,* 444 A.2d at 337; *Sellens v. Allen Products Co., Inc.,* 206 Neb. 506, 507, 293 N.W.2d 415, 417 (1980). *See* 1B Larson, *The Law of Workman's Compensation,* § 38.83, at 7–235 (1980). Such analysis being required in order to reach a valid determination of causality in this case, and it not having occurred at the Commission level, we must remand this case to the Commissioner for consideration of causality in accordance with our recent opinion in *Bryant.*

The entry will be:

Judgment vacated and case remanded to the Commissioner for further proceedings in conformity with the opinion herein and that in *Bryant v. Masters Machine Co.*

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.