KEVIN BUTLER, APPELLANT, V. MIDWEST SUPPLY COMPANY, APPELLEE.

322 N.W.2d 815

Filed August 6, 1982. No. 81-837.

Michael G. Goodman and Martin A. Cannon of Matthews, Cannon & Riedmann, for appellant.

Baylor, Evnen, Curtiss, Grimit & Witt, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The plaintiff, Kevin Butler, has appealed from an award of the Nebraska Workmen's Compensation Court which on rehearing terminated a running award for temporary total disability.

Following the initial hearing the plaintiff was awarded certain benefits because of an industrial accident suffered by him on December 28, 1978, while employed by the defendant, Midwest Supply Company. In addition to an award of benefits for medical expenses and temporary partial and total disability to November 25, 1980, the date of the hearing, the plaintiff was awarded continuing temporary total disability benefits "for so long in the future as

the plaintiff shall remain totally disabled as a result of the said accident . . . ." The defendant requested a rehearing before a three-judge court, which resulted in an award substantially in accord with the original award, except that it declared that "Plaintiff has failed to prove by a preponderance of the evidence that he suffers or has suffered any disability after June 16, 1981, as a result of said accident and injury." On appeal to this court the plaintiff's assignments of error are that the court failed to find that plaintiff was suffering from a continuing disability and failed to award him statutory attorney fees.

In December of 1978 the plaintiff was employed by the defendant in Omaha, Nebraska, as a shag driver. This required that he load and unload trucks and drive them to different locations around the defendant's premises. On December 28 he was closing a door on a trailer when the latch slipped out and struck him on the mouth. He was taken to the emergency room of a local hospital where he was examined, advised to take aspirin and use hotpacks, and was then released to go home.

During the months following the accident the plaintiff was treated by a number of dental and medical doctors. He had no fractures, but did have some torn ligaments, and claims to have developed an infection around the gums. In order to relieve the pain which he claims to have, the plaintiff has taken a great number of aspirins and uses alcohol to excess, and as a consequence has developed a stomach problem of some nature. It is the plaintiff's position that his chief complaint is the severe pain in his mouth, which is activated by movement. He stated that he had not been released to return to work by his present physician, Dr. Voightlander.

In considering this matter on appeal we are governed by the rule that the findings of fact made by the Nebraska Workmen's Compensation Court after rehearing have the same force and effect as a jury

verdict in a civil case, and will not be set aside unless the evidence is insufficient to warrant the making of the award or the findings of fact do not support the award. *Union Packing Co. v. Klauschie,* 210 Neb. 331, 314 N.W.2d 25 (1982). Therefore, a review of the medical evidence is necessary.

Dr. James M. Steier, the plaintiff's family physician and the first to treat the plaintiff after the accident, testified that Mr. Butler did not complain of any injury to his teeth, and that he had no way to evaluate whether or not the trauma as related to him by the plaintiff was the cause of his pain and disability.

The next professional to see Mr. Butler was Dr. Doyle D. Gustafson, a dental surgeon, who last talked to the plaintiff on May 13, 1980. When asked if he had an opinion as to whether or not the pain which the plaintiff was suffering was such that it would substantially affect his ability to be gainfully employed, he replied that he felt incompetent to pass on that kind of a question. He did say that the plaintiff had a disturbance, but whether it came from an injury or from a psychological problem, he really could not sort out.

An oral maxillofacial surgeon, Dr. James G. Morgan, who is licensed to practice both medicine and dentistry, next saw the plaintiff. In his testimony given on April 27, 1981, referring to examinations made of the plaintiff in March of 1980, he stated that he could find nothing specific to relate the plaintiff's pain to, nothing to account for the pain, and that he had no way of telling whether the plaintiff's complaints of pain were related to his accident of December 28, 1978. He was unable to diagnose any dental problem that would explain the complaint of pain.

On March 21, 1980, the plaintiff was seen by Dr. William Shiffermiller, a physician specializing in internal medicine. He gave as his opinion that the

abdominal pain and discomfort were not the result of the accidental injury of December 28. He did assume that any pain in plaintiff's jaw was secondary to the trauma in 1978.

Dr. George Voightlander, a physician who was just completing his residency in family practice, saw the plaintiff for the first time on July 29, 1980, approximately 1½ years after the accident. Based upon the history given him by the plaintiff as to the accident and the subsequent pain in the jaw and abdomen, and the fact of his consumption of large amounts of alcohol, Dr. Voightlander gave as his opinion, in a deposition dated April 30, 1981, that "the pain began after this accident he suffered when he was struck in the jaw" and that at this time he was unable to engage in industrial work. The witness further ventured to say that plaintiff's disability would continue in the future for some period of time in excess of 1 year.

In a workmen's compensation case the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that he is suffering from a disability and that such disability is the result of an accident arising out of his employment. *Davis v. Western Electric,* 210 Neb. 771, 317 N.W.2d 68 (1982). Where, as in this case, medical testimony is relied upon to show the nature and extent of the disability and that there is a causal connection between the alleged injury, the employment, and the disability, the triers of fact are not required to take the opinions of experts as binding upon them. *Davis v. Western Electric, supra.*

It is apparent from the record that a genuine issue of fact existed as to the nature and extent of the disability and whether or not plaintiff suffered any disability as of June 16, 1981, which arose out of his accident of December 28. This question was decided adversely to the plaintiff by the compensation court and, under the rule previously expressed here, we

will not set aside those findings on appeal.

The Nebraska Workmen's Compensation Court was correct in denying an attorney fee to the plaintiff on rehearing. Where an employer has obtained a termination of a previous running award for temporary total disability, it cannot be said that such employer has failed to obtain "any reduction in the amount of such award" so as to be liable for attorney fees within the meaning of Neb. Rev. Stat. § 48-125 (Reissue 1978).

The judgment is affirmed.

AFFIRMED.

WHITE, J., concurs in the result.