PAUL NARDUZZO, APPELLANT, v. SUNDERLAND BROS. ET AL., APPELLEES.

326 N.W.2d 673

Filed November 19, 1982. No. 82-119.

M. H. Weinberg of Weinberg & Weinberg, P.C., for appellant.

Richard M. Dustin of Gaines, Otis, Haggart, Mullen & Carta, for appellees Sunderland Bros. and Maryland Casualty Co.

Lyman L. Larsen and William M. Lamson, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellees Sunderland Bros. and Bituminous Ins. Co.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and CAPORALE, JJ., and BRODKEY, J., Retired.

WHITE, J.

The appellant, Paul Narduzzo, appeals from the decision of a three-judge panel of the Workmen's Compensation Court which awarded him 14½ weeks' temporary total disability, certain medical payments, and an attorney fee, but the compensation court refused to make an award for a claim of permanent partial disability of 30 percent. It is from the last finding that the employee Narduzzo appeals. We affirm.

On June 8, 1981, appellant, a tile finisher for appellee Sunderland Bros., experienced severe pain in his lower back while lifting a 94-pound bag of cement in the course of his employment duties. He first saw a physician for this particular injury on June 15, 1981, having been absent from work since the day of the incident. The notes of the employee's physician, Dr. Werner P. Jensen, specialist in orthopedic surgery, show that at that time his diagnosis was acute recurrent lumbar disc syndrome. On July 28, 1981, appel-

lant was admitted to a hospital, with a diagnosis of "Low back sprain . . . 1st sacral nerve root irritation, left." After his release from the hospital on August 1, 1981, Dr. Jensen allowed the appellant to return to work, with lifting restrictions, and maintained his previous diagnosis of "Recurrent lumbar disc syndrome, L-5 S-1 (left)."

It appears from the evidence that appellant had suffered previous back injuries in May 1970, August 1977, May 1978, and August 1979. The diagnosis of obesity and lumbar disc syndrome remained the same throughout.

Dr. Jensen testified at rehearing that, from all his previous injuries, appellant suffers a 30 percent permanent partial disability but that he could not allocate the disability among the various incidents.

The burden of proof is upon the plaintiff to show by a preponderance of the evidence that the disability sustained was caused by or related to the accident and was not the result of the normal progression of plaintiff's preexisting condition. *Aguallo v. Western Potato, Inc.,* 208 Neb. 66, 302 N.W.2d 41 (1981). Although the record clearly evidenced a 30 percent permanent partial disability, Dr. Jensen stated that there was "no way" that any portion of the 30 percent disability could be allocated between any of the above-mentioned injuries, not to mention the injury which occurred on June 8, 1981. Further, in the cross-examination of Dr. Jensen the following questions and answers were exchanged: "Q Let me ask you the question this way, Dr. Jensen: How would you compare his condition right now and in September of '78? A I think he is as good now as he has been in a long time, or the last time I saw him, he was very good. Q So he is as good now as he was in September of '78? A Yes, I think so."

Based on the foregoing evidence, the compensation court on rehearing made an affirmative finding

of no permanent partial disability as a result of the June 8, 1981, accident.

In testing the sufficiency of the evidence to support findings of fact made by the Workmen's Compensation Court after rehearing, the evidence must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor, and he should have the benefit of every inference that can be reasonably drawn therefrom. *Hatting v. Farmers Co-op Assn., ante* p. 242, 322 N.W.2d 423 (1982); *White v. Father Flanagan's Boys' Home,* 207 Neb. 528, 300 N.W.2d 15 (1980). The findings of fact shall have the same force and effect as a jury verdict in a civil case. *Hatting v. Farmers Co-op Assn., supra.*

The findings of the compensation court on rehearing are supported by evidence, therefore we must affirm.

AFFIRMED.