MARY D. NEGRETE, APPELLANT, V. WESTERN ELECTRIC COMPANY, INC., APPELLEE.

326 N.W.2d 681

Filed November 24, 1982. No. 82-245.

James R. Coe of Carpenter, Fitzgerald & Coe, P.C., for appellant.

James L. Quinlan of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The employee, plaintiff-appellant Mary D. Negrete, seeks to reverse the judgment of a three-judge panel of the Nebraska Workmen's Compensation Court on rehearing in favor of the employer, defendant-appellee Western Electric Company, Inc.

Plaintiff alleges her employment was terminated because of the effects of the occupational diseases of epicondylitis and carpal tunnel syndrome and is therefore entitled to benefits under the provisions of the Nebraska Workmen's Compensation Act. The compensation court concluded plaintiff failed to sustain her burden of proving that she suffered an injury by reason of an accident or occupational disease arising out of and in the course of her employment, and therefore dismissed her amended petition. We affirm.

We review the case in light of the postulate that the findings of fact made by the Workmen's Compensation Court on rehearing have the same force and effect as a jury verdict in a civil case and, if supported by sufficient evidence, will not be disturbed on appeal unless clearly wrong; the evidence must be considered in the light most favorable to the successful party, every controverted fact must be resolved in his favor, and he shall have the benefit of every inference which may reasonably be drawn therefrom. *Narduzzo v. Sunderland Bros., ante* p. 852, 326 N.W.2d 673 (1982); *Renshaw v. Merrigol-Adler Bakery, ante* p. 662, 325 N.W.2d 46 (1982);

*Hatting v. Farmers Co-op Assn., ante* p. 242, 322 N.W.2d 423 (1982).

This divorced 46-year-old woman who has raised four children has been employed since her 14th birthday. She married while a freshman in high school and did not complete the ninth grade. She began working as a dishwasher and later obtained employment as a turkey and chicken boner at Swanson Foods. She did the same type of work at Blue Star Foods. She also labored as a packinghouse worker at Swift & Company. In 1961 she began working for the defendant and performed a variety of jobs during this employment which ended in February 1980. From 1961 to 1968 she assembled small parts as a relay assembler; from 1968 to the early 1970s she hung wires and emptied pans of parts as a layout operator, and during this period she also lifted and adjusted frames weighing up to 40 pounds; from the early 1970s on she worked in the sheet metal shop, lifting large sheets of metal weighing up to 40 pounds, and operated machinery which required the pressing of buttons with her hands.

She had a hysterectomy and other related surgery; sometime prior to 1979 she began experiencing low back pains. In March of 1979 she began missing work because her arms were going numb. She was seen by Dr. Michael Morrison in April of that year, at which time she complained of pains located in her upper back and left elbow. Examination and X-rays revealed a mild scoliosis of her upper spine and an inflammation of the lateral epicondyle of her left elbow, commonly called tennis elbow. Treatment resulted in complete relief of her elbow symptoms by May 4, 1979. While in the hospital for an assortment of problems in June of 1979, she complained of tingling and numbness in her right hand. At one time she attributed numbness and tingling of her hands and heaviness in her shoulders to striking her head against the top of a car as the result of a 1975

automobile accident. Examination revealed she had a compression of the nerve at the wrist level. A carpal tunnel release of the right wrist was performed at that time. While recovering from that surgery, she fell; during the course of that fall she applied pressure to the right hand. This event prolonged her recovery but she did return to work. Thereafter, in October of 1979, and as a result of the fall, a neurolysis of the median nerve of the right wrist was performed. During that same month she again had a recurrence of the tennis elbow. In January of 1980 she complained of pain in both elbows, and in September of 1980 she complained of pain in both shoulders. Dr. Morrison last saw plaintiff in November of 1980, at which time no complaints were made nor treatment given for either the elbows or right hand.

The only medical opinion on the issue of causation is Dr. Morrison's testimony that neither the right hand nor elbow problems were caused by plaintiff's employment with defendant, but that the employment did aggravate the chronic epicondylitis of both elbows. Dr. Morrison agreed with plaintiff's claim that she could not work at Western Electric Company because it was unable to find jobs for her which did not require frequent and repetitive strain to the elbows. He testified, however, that she was not totally disabled. There is no competent evidence as to any lesser degree of disability, or that she is unemployable elsewhere. Neither is there competent evidence that the chronic epicondylitis is not the result of the natural progression of a preexisting condition.

In a workmen's compensation case the burden is upon the employee to prove by a preponderance of the evidence all the issues involved. In this case the burden was upon the plaintiff to prove that she is suffering from a disability and that such disability is the result of an occupational disease arising out of

880

and in the course of her employment, and was not the result of the normal progression of a preexisting condition. *Narduzzo v. Sunderland Bros., supra*; *Aguallo v. Western Potato, Inc.,* 208 Neb. 66, 302 N.W.2d 41 (1981); *Inserra v. Village Inn Pancake House,* 197 Neb. 168, 247 N.W.2d 625 (1976).

It cannot be said the compensation court's conclusion that plaintiff failed to sustain her burden of proof is clearly wrong. Its judgment must therefore be affirmed.

AFFIRMED.