SUSAN RANDALL, APPELLANT, V. SAFEWAY STORES, INC., APPELLEE.

341 N.W.2d 345

Filed December 9, 1983. No. 82-841.

Lynn R. Carey, Jr., for appellant.

Rodney G. Gnuse of Schmid, Ford, Mooney & Frederick, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

Boslaugh, J.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff, Susan Randall, claims that she was injured on November 10, 1980, while employed by Safeway Stores at its Millard store. According to the plaintiff, when she was in the storage area in the backroom of the store, a metal shelf fell and struck her head, producing a large bump. The plaintiff testified that she fell to the floor on her knees and was "kind of disoriented" for a few minutes. A coworker testified that he observed the incident. The plaintiff testified that she reported the accident to the store manager before she left for the day. The manager denied the conversation.

Shortly after the accident, the plaintiff developed a stiff neck, which grew progressively worse. She did not consult a physician about her neck until March 1981. The plaintiff is still receiving medication and treatment for her neck condition, and claims that she is unable to work.

After the hearing before a single judge, and upon rehearing before the three-judge panel, the compensation court found that the plaintiff had failed to prove that the injury and disability about which she now complains was caused by the "blow on her head by the shelf."

In order to recover compensation benefits a claimant must prove by a preponderance of the evidence that his disability was caused by an accident arising out of and in the course of his employment. *Eliker v. D. H. Merritt & Sons*, 195 Neb. 154, 237 N.W.2d 130 (1975); *Riha v. St. Mary's Church & School, Inc.*, 209 Neb. 539, 308 N.W.2d 734 (1981); *Negrete v. Western Electric Co., Inc.*, 212 Neb. 876, 326 N.W.2d 681 (1982). Testimony with regard to causation must be definite and certain to warrant a compensation award. *Husted v. Peter Kiewit & Sons Constr. Co.*, 210 Neb. 109, 313 N.W.2d 248 (1981).

In reviewing findings of fact in workmen's com-

pensation cases, the Supreme Court is not free to weigh the facts anew. The findings of the compensation court have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Sandel v. Packaging Co. of America*, 211 Neb. 149, 317 N.W.2d 910 (1982); *Niesen v. Logan County Co-op Oil Assn.*, *ante* p. 587, 340 N.W.2d 146 (1983). A finding with regard to the causation of an injury is one for determination by the fact finder; it will not be set aside unless clearly wrong. *Aguallo v. Western Potato, Inc.*, 208 Neb. 66, 302 N.W.2d 41 (1981); *Hilt Truck Lines, Inc. v. Jones*, 204 Neb. 115, 281 N.W.2d 399 (1979); *Sellens v. Allen Products Co., Inc.*, 206 Neb. 506, 293 N.W.2d 415 (1980).

Dr. John Woodbury testified that the plaintiff first consulted him in regard to neck pain on March 5, 1981. At about that time she said that she had slipped and fallen while on the job. However, in a report dated November 4, 1981, Dr. Woodbury stated that prior to October 1981 "Ms. Randall had at no time commented to me that she had injured herself on the job."

X-ray examination disclosed degenerative disk disease. In response to hypothetical questions Dr. Woodbury testified that a blow to the head by a "heavy" metal shelf could not cause degenerative disk disease but could cause the disability which the plaintiff had.

The plaintiff was referred by Dr. Woodbury to Dr. Daniel L. McKinney, a neurosurgeon. Prior to October 1981, the plaintiff made no mention to Dr. McKinney of a specific accident in November 1980. In answer to a hypothetical question Dr. McKinney stated that if an individual were struck with "a heavy object" in the head, it could cause the condition from which the plaintiff suffered. On cross-examination Dr. McKinney stated that a fall down some steps in April 1981 could be a possible cause of the plaintiff's condition.

In 1981 the plaintiff submitted claims for her neck

injury to the Health and Welfare Fund of her union and received disability benefits in the amount of $139 per week for 26 weeks from this fund. In making these claims the plaintiff stated that the claim was not the result of an accident or a work-related illness or injury.

On July 23, 1982, the plaintiff was examined by Dr. Joseph F. Gross, an orthopedic surgeon. In the history obtained by Dr. Gross, the plaintiff stated that she had been injured on November 10, 1980, when a metal shelf fell and hit her on the top of the head. Dr. Gross testified that in his opinion the plaintiff had a 10-percent loss of use of the body as a whole as a result of her injury and subsequent surgery. The plaintiff claims that this testimony was "clear and compelling" and established that the finding of the compensation court was clearly wrong.

It is clear from the testimony of Dr. Gross that his reference to the plaintiff's injury was based upon the history given to him, which did not include mention of the fall down some steps in April 1981. In any event, the compensation court was not bound to accept the testimony of Dr. Gross on the issue of causation. The trier of fact is not required to take the opinion of experts in regard to the causal connection between the alleged injury and the disability as binding upon it. *Butler v. Midwest Supply Co.*, 212 Neb. 421, 322 N.W.2d 815 (1982).

In the present case the claimant stated that she was injured when metal shelves fell on her head. However, there was substantial evidence which tended to prove that such an accident had not occurred. Upon this questionable foundation the claimant introduced expert medical testimony. The value of an opinion of an expert is no stronger than the facts upon which it is based. *Riha v. St. Mary's Church & School, Inc.*, 209 Neb. 539, 308 N.W.2d 734 (1981). Dr. Woodbury and Dr. McKinney each testified that such an accident *could* have caused claimant's symptoms. This testimony does not ful-

fill the requirements of certainty and definiteness. A workmen's compensation award cannot be based on speculation, and if an inference favorable to the claimant can only be reached on the basis thereof, then she cannot recover. *Erving v. Tri-Con Industries*, 210 Neb. 339, 314 N.W.2d 253 (1982). See, also, *Mack v. Dale Electronics, Inc.*, 209 Neb. 367, 307 N.W.2d 814 (1981).

The findings of the compensation court are amply supported by the record and the judgment must be affirmed.

AFFIRMED.