CECO CORPORATION, APPELLANT, V. WILLIAM CROCKER, APPELLEE.

345 N.W.2d 20

Filed March 2, 1984. No. 83-503.

Diane Bevans Carlson and Walter E. Zink II of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Peter J. Hoagland of Schrempp, Hoagland & Gray, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal by the employer, Ceco Corporation, from the Workmen's Compensation Court on rehearing and judgment, which found William Crocker temporarily totally disabled from April 25, 1978, to March 11, 1983, and continuing for an indefinite period of time.

The compensation court on rehearing also ordered further vocational rehabilitation, payment of certain outstanding medical expenses, and an attorney fee in the amount of $1,500. Except for ordering payment of an attorney fee and certain medical expenses, the award on rehearing affirmed the action of the one-judge court in awarding disability benefits. We affirm.

On April 24, 1978, while working as a rough carpenter at the penal complex in Lincoln, William Crocker attempted to pull up a 100-pound frame when the 4-by-4 scaffolding he was standing on rolled, causing him to fall 2½ to 3 feet to the ground. After being taken home by a coworker and later taken to the hospital that day by his wife, Mr. Crocker was given medication and released. On May 22, 1978, Dr. Gene Lewallen performed a partial hemilaminectomy to remove protruding portions of the disk at the L3-4 and L4-5 regions of the lower back. After surgery Mr. Crocker did not return to work because of the constant pain in his lower back and down his right leg. The pain has prevented Mr. Crocker from doing manual labor involving bending, lifting, and twisting, essential skills for a carpenter. Mr. Crocker has worked as a carpenter since 1952.

Dr. Lewallen, the orthopedic surgeon who performed the back operation, testified that other than some mild to moderate degenerative changes, there are no concrete physical findings to support the patient's complaints of back pain since the surgery. According to Dr. Lewallen, when he initially saw Crocker he believed Crocker had a spasm and was in real pain, but that after the disk surgery Crocker has not really demonstrated reflex changes, sensory loss, or measurable objective findings, other than findings on X-rays to indicate there is some degenerative arthritis in the lower back. Specifically, Dr. Lewallen opined, "I doubt that much of it [degenerative arthritis] was caused by the accident. He had about the same amount in his initial films [X-rays taken shortly after the accident]."

Dr. George Hachiya, a board-certified psychiatrist and neurologist, who examined Crocker approximately 18 months after the date of the accident, testified the pain complained of exists because of "neurological damage done—which occurred at the accident." Dr. Hachiya, who has seen Crocker 68 times between October 17, 1979, and March 4, 1983, observed a diminished ankle reflex on the right side, which led him to believe nerve root trauma existed. Dr. Hachiya further testified that Crocker had a certain level of pain after the accident, which "is more or less with Mr. Crocker," and that this pain can become aggravated by lifting movements, but that the X level of pain at the onset was caused by the accident, which precipitated the problem.

While Dr. Lewallen was unsure whether the accident or degenerative changes were the cause of Crocker's back problems, he was certain Crocker was unable to engage in carpentry or similar work, and for these reasons rated Crocker 50 percent permanently disabled. Dr. Hachiya opined Crocker was 50 percent disabled overall psychologically and 100 percent disabled in terms of gainful employment.

It is noted Dr. Hachiya treated Crocker principally for psychological depression but encountered numerous complaints about lower back pain. Evidence was also introduced to show that Crocker participated in a 2-week summer camp for his Army Reserve unit in 1981. No eyewitness accounts of what duties were performed in the summer camp were provided, although the claimant did admit to repairing a door during this time. Crocker claims he worked as a "tester," watching recruits do pushups, situps, and the 2-mile run, but was not participating in any of these activities himself. Crocker resigned from the Army Reserve in March 1982.

The appellant assigned as error: (1) That there is not sufficient evidence to support either the compensation court's finding that a causal connection existed between the current back problems and the accident of April 24, 1978, or in awarding continuing total disability; and (2) That the compensation court erred in awarding vocational rehabilitation services, because the employee has waived his right to such services.

In reviewing findings of fact in workmen's compensation cases, the Supreme Court is not free to weigh the facts anew. The findings of the compensation court have the same force and effect as a jury verdict in a civil case and will not be set aside unless clearly wrong. *Wilson Concrete Co. v. Rork, ante* p. 447, 343 N.W.2d 764 (1984); *Randall v. Safeway Stores*, 215 Neb. 877, 341 N.W.2d 345 (1983).

A finding with regard to the causation of an injury is one for determination by the fact finder; it will not be set aside unless clearly wrong. *Randall v. Safeway Stores, supra*; *Aguallo v. Western Potato, Inc.*, 208 Neb. 66, 302 N.W.2d 41 (1981); *Hilt Truck Lines, Inc. v. Jones*, 204 Neb. 115, 281 N.W.2d 399 (1979).

It is also an established guideline that in testing the sufficiency of evidence to support findings of the Nebraska Workmen's Compensation Court after rehearing, the evidence must be considered in the light

most favorable to the successful party. *Hatting v. Farmers Co-op Assn.*, 212 Neb. 242, 322 N.W.2d 423 (1982).

The testimony of Dr. Hachiya relating to his examinations of Mr. Crocker indicated that, in Dr. Hachiya's opinion, Mr. Crocker suffered "neurological damage" consisting of "nerve root trauma" which was caused by the accident. This opinion was based upon the objective neurological change of a diminished ankle reflex on the right side.

Even though conflicting evidence was presented to raise a reasonable doubt that the current pain was a result of degenerative arthritis and not the April 24, 1978, accident, this court must adhere to the rule that where the record presents nothing more than conflicting medical testimony, this court will not substitute its judgment for that of the Workmen's Compensation Court. *Hamer v. Henry*, 215 Neb. 805, 341 N.W.2d 322 (1983).

In light of this rule we cannot conclude the compensation court was clearly wrong in its finding that the present disability was caused by the accident.

The appellant's claim that there is insufficient evidence to sustain the finding of causation and the subsequent award of benefits is based upon the contention that Dr. Hachiya's testimony is without probative value, since Dr. Hachiya treated Crocker for psychiatric disorders and not back difficulties. The appellant cites as authority the case of *Spiker v. John Day Co.*, 201 Neb. 503, 270 N.W.2d 300 (1978), wherein the majority of this court reversed a compensation court finding and made the finding that there was a causal connection between an employee's urinary tract infection and the injury. The compensation court's finding in *Spiker* was based upon the testimony of a physician who had not examined or treated the patient, whose testimony was based entirely upon an examination of the record, and whose testimony was contrary to the testimony of the treating physicians.

The situation in this case is much different than in the *Spiker* case because, here, Dr. Hachiya, who is also a neurologist, made neurological observations during the course of some 68 visits between October 17, 1979, and March 4, 1983. Although it is true Dr. Hachiya admitted Dr. Lewallen would best be able to address the cause of Crocker's back problems, Dr. Hachiya is not prohibited from testifying about the issue of causation. In that regard Dr. Hachiya testified that, based on a reasonable degree of medical certainty, Crocker's "X level of pain, the onset, the pathology and the neurological findings I would say was secondary to the accident which precipitated the problem."

Appellant also contends the award of continuing temporary total disability benefits is contrary to the preponderance of the evidence, and the compensation court erred in placing the burden of proof on the employer on the issue of the extent of the disability. Appellant refers to the order entered after rehearing, which said, "Although defendant [Crocker] may have been something less than totally disabled during the times he was engaged in National Guard training, the evidence is insufficient to enable the Court to determine during what periods of time the defendant was paid, and therefore the Court considers the defendant as having been temporarily totally disabled at all times since his injury."

While, admittedly, the language in the order might be confusing, the compensation court did not shift the burden of proof. The court only points out conflicting evidence exists, and notwithstanding the conflict, the burden to prove the extent of the disability by a preponderance of the evidence is met. It should be remembered that whether a claimant in a Nebraska Workmen's Compensation Court case is totally and permanently disabled is a question of fact. *Paris v. J. A. Baldwin Mfg. Co.*, *ante* p. 151, 342 N.W.2d 198 (1984); *Boults v. Church*, 200 Neb. 319, 263 N.W.2d 478 (1978). Having found the claim-

ant Crocker to be temporarily totally disabled was not clearly wrong.

The second assignment of error, that the compensation court erred in awarding vocational rehabilitation services, because the employee has waived his right to such services as a matter of law, is incorrect. The appellant contends Crocker has, without reasonable cause, refused to undertake rehabilitation services because he failed to follow through with certain job applications provided to him by a professional rehabilitation counselor.

Once again, a question of fact is presented: whether an employee continues to be entitled to vocational rehabilitation. Dr. Hachiya's testimony at rehearing indicated Crocker was at that time not a candidate for rehabilitation because the motivation was not there due to his depression. However, he observed that such depression was 100 percent recoverable and that, with continuing treatment, he felt that Crocker would be able to overcome that depression.

The compensation court determined that Crocker remains entitled to rehabilitation, provided that if he should, without reasonable cause, fail or refuse to submit to evaluation and cooperate in a reasonable program of rehabilitation, the court may, on proper application, reduce or limit the amount of compensation otherwise payable under the Nebraska workmen's compensation law. Such order is not unreasonable and is supported by competent evidence in the record.

The determination of the Workmen's Compensation Court was not clearly wrong, and its award on rehearing is affirmed. The appellee Crocker is awarded a fee of $1,000 for the services of his attorney in this court.

AFFIRMED.