LLOYD DALE POWELL, APPELLANT, V. W. G. PAULEY LUMBER CO. ET AL., APPELLEES.

350 N.W.2d 556

Filed June 22, 1984. No. 83-679.

Thomas A. Wagoner, for appellant.

Joni R. Kerr of Kennedy, Holland, DeLacy & Svoboda, for appellees.

KRIVOSHA, C.J., WHITE, and CAPORALE, JJ., and McCOWN and BRODKEY, JJ., Retired.

PER CURIAM.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff, Lloyd Dale Powell, alleged that he suffered a back injury in the course of his employment by the defendant which resulted in a herniated intervertebral disc. He required surgery and sustained a permanent disability.

After the hearing before a single judge, and after the rehearing before a three-judge panel, the compensation court found that there was a failure of proof as to a causal connection between the plaintiff's employment and his injury. The plaintiff has appealed to this court.

The plaintiff testified that on April 2, 1981, during the course of his employment as a truckdriver for the defendant employer, W. G. Pauley Lumber Co., he was using a forklift, on the defendant's premises, to load a trailer. When he attempted to step from

the forklift to the trailer, he slipped off the forklift and injured his right leg when his knee struck the forklift. Two days after the accident, the plaintiff consulted Dr. Smith and reported that his right leg had swollen such that he could not bend it. Powell testified that he did not experience any unusual back pain following the accident.

Dr. Smith initially diagnosed the problem as thrombophlebitis. The plaintiff was hospitalized on May 2 and discharged on May 6, 1981. The final diagnosis listed in the hospital record was "[p]ain right lower leg due to compression of sural nerve." He returned to work after a 13-day absence.

The plaintiff testified that he continued to experience pain in his leg and reported this to Dr. Smith during a routine ICC physical examination in February 1982. Dr. Smith then referred Powell to an orthopedic specialist, Dr. Chingren.

Powell was seen by Dr. Chingren on March 24, 1982. Dr. Chingren determined that Powell had a herniated disc. He performed a laminectomy on Powell in August 1982. Powell testified that after this surgery the pain in his leg was relieved.

In a workmen's compensation case the findings of the compensation court must be given the same force and effect as a jury verdict. Such findings will not be set aside unless clearly wrong. *Erving v. Tri-Con Industries*, 210 Neb. 339, 314 N.W.2d 253 (1982); *Randall v. Safeway Stores*, 215 Neb. 877, 341 N.W.2d 345 (1983).

The plaintiff must establish by a preponderance of the evidence that his injury arose out of and in the course of his employment and is the proximate cause of the disability for which benefits are sought. *McCann v. Holy Sepulchre Cemetery Assn.*, 205 Neb. 444, 288 N.W.2d 45 (1980); *Randall v. Safeway Stores, supra.*

Where the injury is not of an objective nature, a causal connection between the accident and the disability must be established by expert medical testi-

mony. *Husted v. Peter Kiewit & Sons Constr. Co.*, 210 Neb. 109, 313 N.W.2d 248 (1981); *Riha v. St. Mary's Church & School, Inc.*, 209 Neb. 539, 308 N.W.2d 734 (1981); *Caradori v. Frontier Airlines*, 213 Neb. 513, 329 N.W.2d 865 (1983). For medical testimony to be the basis for an award, it must be sufficiently definite and certain that a conclusion can be drawn that there was a causal connection between the accident and the disability. *Husted, supra*; *Randall v. Safeway Stores, supra.*

Although Powell testified at the rehearing that he fell on his back as a result of the accident, he did not mention this fact at the initial hearing. Dr. Smith, the physician who treated Powell two days after the accident, did not testify. The records of Powell's hospitalization for leg pain, shortly after the accident, contain nothing from which it could be concluded that a causal relationship exists between the accident and subsequent disability.

Dr. Chingren testified that Powell had some preexisting degenerative changes in his back. Powell's medical records indicate that he consulted an orthopedic specialist for back pain in 1976.

The testimony of Dr. Chingren did not establish a causal connection with the requisite degree of certainty and definiteness. Dr. Chingren, who first examined Powell almost a year after the accident occurred, testified that Powell informed him that his back and right leg had hurt since a fall from a forklift at work in June 1981. When asked what caused the disc to bulge, Dr. Chingren stated, "There could be several things. In no particular order, either the injury that he sustained the year before or the wear-and-tear process." When asked if he could not say one way or the other what caused the disc to bulge, he answered, "That's right." Later, Dr. Chingren stated, "I presumed more-or-less from the beginning that he was injured at work."

When asked if he had an opinion based upon a reasonable degree of medical certainty whether the

herniated disc was a result of the accident, Dr. Chingren responded, "[I]f he had no pain in his leg before and he now has pain, and it's right after the accident, I have to blame the accident." Then, when asked if he had an opinion based upon a reasonable degree of medical certainty whether the bulging disc was a result of the accident, Dr. Chingren answered, "If it's yes or no, it has to be yes."

This testimony did not compel a finding for the plaintiff on the issue of causation. It does not possess the requisite definiteness and certainty, and is not based on facts sufficient to lead to a conclusion that as a matter of law the disability was caused by the accident. The value of an opinion of an expert is no stronger than the facts upon which it is based. *Randall v. Safeway Stores, supra.*

The judgment of the compensation court is supported by the record and is affirmed.

AFFIRMED.